## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01794  ZLW - CBS

TOUCH, LLC
a Nevada Limited Liability Company

                  Plaintiff,

    v.                                              .

ROXY IN DENVER, INC. d/b/a PURE Nightlife
a Colorado corporation;

Joe Richards, an individual;

Olga Hernandez,  an individual;

and

13 PURE, INC. d/b/a 13 PURE Night Club & Bistro,
a Colorado corporation

                  Defendants.

---

## ORDER AND CONSENT JUDGMENT
---

This action was commenced on July 29, 2009, by Plaintiff Touch, LLC ("Touch"), by and through its undersigned counsel, against Defendant Roxy in Denver, Inc. d/b/a Pure Nightlife ("Roxy") and Defendants Joe Richards ("Richards") and Olga Hernandez ("Hernandez")(hereinafter referred to jointly as the "Roxy Defendants"),  and Defendant 13 Pure Inc., d/b/a 13 Pure Night Club & Bistro ("Defendant 13 PURE").  **This action remains pending as to Defendant 13 PURE, Inc.**  Touch and the Roxy Defendants have agreed to settle this matter and to terminate this action by entry of an Order and Consent Judgment which incorporates the parties' settlement of their dispute, and in particular, the terms, admissions and covenants as follows:

## THE PARTIES' TERMS OF SETTLEMENT

1.      This is an action for injunctive and monetary relief for acts of service mark infringement and unfair competition under the laws of the United States, Title 15, United States Code; and trademark infringement and unfair competition under the common law of the state of Colorado.

2.      The Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  This Court has personal jurisdiction over Defendants.  Venue is proper in this judicial district.

3.      Plaintiff Touch is a Limited Liability Company organized under the laws of the state of Nevada with its principal place of business at 2121 S. Industrial Road, Suite 107, Las Vegas, NV 89102.

4.      Roxy is a Colorado corporation that is in the business of providing nightclub entertainment services and has its principal place of business in this District at 2549 Welton Street, Denver, CO 80205. Roxy operates under the business and trade name PURE Nightlife and also does business as a nightclub under the name CLUB PURE.  Roxy registered PURE Nightlife as a trade name on June 4, 2009 for a business described as a "nightclub."

5.      Defendants Richards and Hernandez are co-owners of Defendant Roxy and reside in this District, having a business address of 2549-51 Welton Street, Denver, CO 80205.

6.      Touch is the owner of U.S. Service Mark Registration No. 3,056,041 for the mark PURE for nightclub services.  A copy of the registration certificate for the PURE mark is attached to the Complaint in this action as Exhibit A.  The federal registration and common law rights of Touch in its PURE mark, as described above, are collectively referred to as the "PURE Mark."

2

7.    Since at least as early as 2004, Touch has used the PURE Mark in commerce in the United States in providing its services, and has invested millions of dollars to develop, promote and maintain the PURE Mark in the United States in connection with its nightclub services.   The PURE Mark is inherently distinctive as to nightclub services.   In addition, as a result of substantial and extensive advertising and promotion of the PURE Mark with nightclub and related entertainment services, the PURE Mark has become widely and favorably known as identifying high-end, renown and award-winning "megaclub" nightclub and related entertainment services originating from Touch.   The public has come to associate the distinctive PURE Mark with Touch as a source of such high quality nightclub and entertainment services.

8.    Roxy is a Colorado corporation providing nightclub services in the Denver metropolitan area using the names PURE Nightlife and CLUB PURE in providing nightclub and related entertainment services.

9.    Defendants admit that the Pure Mark as set forth above is valid, enforceable, and distinctive.

10.    Defendants admit that their use of PURE in association with nightclub and related entertainment services is confusingly similar to the PURE Mark, and is likely to result in consumer confusion as to a mistaken belief that Defendants are affiliated with, related to, sponsored by, or connected with Touch, and is likely to result in confusion, mistake, or deception as to origin, sponsorship, or approval by Touch of Defendants' nightclub and related services.

11.    The parties have agreed to the entry of this Order and Consent Judgment which incorporates the terms, admissions, and covenants of settlement resolving the dispute between the parties.

3

12.     Each party has read this Order and Consent Judgment and agrees to be fully bound by its terms. This Order and Consent Judgment incorporates certain settlement terms as set forth in a separate letter agreement between the parties.

**THEREFORE, IT IS ORDERED AND ADJUDGED:**

A.      Judgment is granted in favor of Touch on its claims as set forth in Counts I, II, III and IV.

B.      Defendants, and any of their principals, agents, servants, employees, successors and assigns, and all those in privity, concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, are hereby immediately and permanently enjoined and restrained from use of the PURE Mark:  in connection with providing, advertising or promoting nightclub services, clubs, restaurants, bars, catering halls, or theaters, or services related to nightclubs or any of these; in association or connection with any websites; and incorporated into any formative domain names, and shall cease all such use no later than September 30, 2009,  including without limitation:

(i)     imitating, copying, duplicating, or otherwise making any use of the PURE Mark or any mark confusingly similar to the PURE Mark;

(ii)    manufacturing, producing, distributing, circulating, selling, or otherwise disposing of any printed material which bears any copy or colorable imitation of the PURE Mark;

(iii)   using any unauthorized copy or colorable imitation of the PURE Mark in interior and exterior signage, or in such fashion as is likely to relate or connect Defendants Roxy, Richards or Hernandez with Touch;

(iv)     using any false designation of origin or false description which can or is likely to lead the trade or public, or individual members thereof, to believe mistakenly that any service advertised, promoted, offered, or sold by Defendants Roxy, Richards or Hernandez is sponsored, endorsed, connected with, approved, or authorized by Touch;

(v)     causing likelihood of confusion or injury to Touch's business reputation and to the distinctiveness of the PURE Mark by unauthorized use of a confusingly similar mark;

(vi)     engaging in any other activity constituting unfair competition or infringement of the PURE Mark or Touch's rights in, or to use, or to exploit the same; and

(vii)     assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

C.     Defendants are ordered to file with the Colorado Secretary of State an express withdrawal and abandonment of the trade name "Pure Nightlife" that was registered June 4, 2009.

D.     Defendants are ordered to pay, and shall be jointly and severally liable for payment of, the total sum of $3,000.00 to Touch, in three payments of $1000 each to be made on or before the dates of September 20, October 19, and November 20, 2009.

E.     Any violations by Defendants of the injunctive relief set forth herein would cause irreparable harm and injury and, in such event, Plaintiff shall be entitled to seek enforcement of the specific provisions of this Order and Consent Judgment.

F.      The parties have consented to the entry of this Order and Consent Judgment without further notice.

**DONE AND ORDERED** this 23rd day of September, 2009.

_____
United States District Judge

Copies to:

Gayle L. Strong
Wm. Alex Furman
Greenberg Traurig LLP
1200 Seventeenth Street, Suite 2400
Denver, Colorado  80202
Telephone:  (303) 572-6500
Facsimile:  (303) 572-6540

*Attorneys for Plaintiff*
*Touch, LLC*

Joe Richards
2549 Welton Street
Denver, CO 80205

Olga Hernandez
2549 Welton Street
Denver, CO 80205

Lee Berish, Esq., as counsel for
Roxy in Denver, Inc.
2549 Welton Street
Denver, CO 80205

*Defendants*

6